United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANAL PROPERTIES LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLIANT TAX CREDIT V, Inc., a Florida corporation; ALLIANT TAX CREDIT FUND V LIMITED PARTNERSHIP, a Massachusetts limited partnership; and DOES 1-50, inclusive,<br><br>　　　　　Defendants.<br>_____/ | No. C 04-03201 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR STAY, DENYING MOTION FOR JUDGMENT ON THE PLEADINGS, AND VACATING HEARING** |

On May 27, 2005, defendants filed a motion for judgment on the pleadings and for a stay of proceedings in this case pending resolution of the appeal in a related case, C 02-1871 SI. The Court has deemed this motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby GRANTS defendants' request for a stay and DENIES the motion for judgment on the pleadings without prejudice to refiling upon resolution of the appeal. The July 1, 2005 hearing date is hereby VACATED.

**BACKGROUND**

This lawsuit arises out of a partnership formed by the parties for the ownership of a low-income apartment complex (Sommerhill Townhomes) in San Rafael, California. On January 1, 1999, the parties, with others, entered into an Amended and Restated Agreement of Limited Partnership of Sommerhill Townhomes, L.P ("Partnership Agreement"). Plaintiff Canal Properties LLC was the partnership's Administrative General Partner until its removal on March 3, 2001. Defendant Alliant Tax Credit V, Inc., is the partnership's Administrative Limited Partner. In a case filed in 2002 and removed to this Court on April 18, 2002 ("Canal

I"), Canal asserted four claims against Alliant Tax Credit V and Alliant Tax Credit Fund V Limited Partnership (collectively "Alliant") in its complaint: (1) Declaratory Relief; (2) Specific Performance; (3) Breach of Contract; and (4) Injunction. Compl. ¶¶ 37-51. In their counterclaim, defendants asserted three claims: (1) Breach of Contract; (2) Breach of Fiduciary Duty; and (3) Declaratory Relief. Answer ¶¶ 11-22.

Canal I was set for trial on June 8, 2004. Just prior to trial, Canal's counsel moved to withdraw. The Court permitted new counsel to take over and continued the trial to August 30, 2004. On July 8, 2004, Canal's new counsel filed a motion to amend the complaint to add six new causes of action: (1) Rescission, (2) Breach of Fiduciary Duty, (3) Breach of Covenant of Good Faith and Fair Dealing, (4) Fraud, (5) a second claim for Fraud, and (6) Constructive Trust. The Court denied this motion as untimely.

On August 5, 2004, Canal filed the complaint in this case ("Canal II"). Canal II, in which both plaintiff and defendants are the same as in Canal I, includes claims for: (1) Dissolution of Partnership, (2) Accounting/Injunction, (3) Rescission, (4) Breach of Fiduciary Duty, (5) Breach of the Implied Covenant of Good Faith and Fair Dealing, (6) Fraud, (7) a second claim for Fraud, and (8) Constructive Trust. It filed a Notice of Related Case, and the Court related the two matters.

Canal I was tried to a jury from August 30, 2004 to September 8, 2004. Canal's claim for Breach of Contract and Alliant's claim for Breach of Contract were submitted to the jury. Alliant voluntarily dismissed its claim for Breach of Fiduciary Duty before the case went to the jury. The jury found that Canal committed a "Major Default" under the Partnership Agreement and awarded Alliant damages of $102,194.00. The Court subsequently denied Canal's post-trial motions, conditionally remitted the damage amount to $42,500, and ruled in favor of Alliant on the equitable claims.

On February 2, 2005, the Court entered an Amended Judgment on all claims in Canal I, and Canal's appeal of that judgment is now pending. Currently before the Court is a motion by Alliant for judgment on the pleadings and to stay Canal II pending the resolution of the appeal in Canal I.[1]

## LEGAL STANDARDS

---

[1] Alliant has also filed a Request for Judicial Notice ("RJN"), which Canal apparently does not oppose, and which the Court GRANTS.

2

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rules 12(b)(6) and 12(c) are substantially identical. See William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319 (1997). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Id. (citation omitted).

## DISCUSSION

**1.    Motion for judgment on the pleadings**

Alliant asks the Court to enter judgment on the pleadings in favor of Alliant after the Canal I appeal is resolved. Essentially, Alliant seeks a present order from this Court stating that it will enter judgment on Canal II at some future time. According to Alliant, this motion is appropriate because once the Canal I appeal is decided, all of the claims in the Canal II complaint will be barred by both claim preclusion and issue preclusion. Canal contends that such a motion is premature, and in any event Canal II is not precluded under these doctrines.

The parties agree that California preclusion rules govern Canal I because Canal I was a diversity case and California was the forum state. Semtek International, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-09 (2001). Under California procedure, a judgment is final for purposes of claim and issue preclusion only after an appeal is no longer pending.[2] Under California law, issue preclusion, or collateral estoppel, bars relitigation of an issue decided at a previous proceeding if (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding. People v. Sims, 32 Cal. 3d 468, 484 (1982). Res judicata or claim preclusion

---

[2] By contrast, under federal procedure, the judgment would be final for purposes of preclusion when entered by the Court. Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir. 1988).

3


precludes parties from litigating the same "cause of action" that already has been finally determined between the parties. Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 896-97 (2002). "[T]he firmly settled rule in California for determining a cause of action is the primary rights theory." Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc., 29 Cal. App. 4th 1828, 1835 (1994). "Under this theory, the underlying right sought to be enforced determines the cause of action. In determining the primary right, the significant factor is the harm suffered." Id. (citations and internal quotations omitted). Arguments and legal theories on the same "cause of action" that were or could have been raised in the prior state proceedings cannot be raised in a subsequent federal action.

Here, one of the requirements for claim and issue preclusion has clearly been met. Canal, the party against whom both preclusion doctrines are asserted, is the plaintiff in both cases. The parties dispute whether both lawsuits involve violations of the same "primary right," as required for claim preclusion, and whether the issues presented in Canal II are "identical" to the issues actually litigated and decided in the prior action. However, the Court does not decide these issues at this time, because it is undisputed that there has been no final judgment under California law. A final judgment in Canal I is required before either preclusion doctrine can have effect.

Accordingly, the Court finds that Alliant's motion for judgment on the pleadings is premature. The motion is DENIED without prejudice to reconsideration when the judgment in Canal I becomes final.

### 2.    Request for stay

Alliant asks the Court to stay Canal II during the Canal I appeal, citing California authorities for a defendant's right to stay a second action when the judgment in a related first case is on appeal. Canal contends that Alliant has offered no authority for its request for a stay, but it concedes that a district court possesses inherent power to manage the cases on its docket. The Court finds that there is ample authority under both California law and federal procedure to support defendant's request.

Cal. Code Civ. Proc. § 430.10(c) allows a defendant to raise a defense and file a demurrer based on the fact that there is another action pending between the same parties on the same cause of action. See 7 Witkin, California Procedure, Judgment § 307 (4th ed. 1997) ("when an appeal is pending . . . the appropriate

4

defense during the interim period is a plea in abatement (other action pending)"). Cal. Code Civ. Proc. § 597 provides that, where the defense of "another action pending" or a demurrer has been sustained, "an interlocutory judgment shall be entered in favor of the defendant pleading the same to the effect that no trial of other issues shall be had until the final determination of that other action." While these provisions assume that a state court will sustain a demurrer before an interlocutory judgment is entered staying the action, they make clear that such a judgment is mandatory, not discretionary. See Leadford v. Leadford, 6 Cal. App. 4th 571, 574 (1992) ("[a]batement of the second action is a matter of right. The court has no discretion to allow the second action to proceed if it finds that the first involves substantially the same controversy between the parties."). Here, the Court is not *bound* to stay the action because Alliant's motion for judgment on the pleadings cannot be granted in the absence of a final judgment, but the Court concludes that it possesses discretion to grant a stay.

Under federal law, the Court retains inherent power to stay duplicative litigation in the interests of judicial economy. See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977). According to Alliant, the Ninth Circuit "has advised the parties that the appeal process in this case may not be complete for another year or more." Defs.' Reply at 6:17-19. Given this likely time frame, substantial litigation would take place in Canal II during the pendency of the Canal I appeal. The Court finds that, given the similarity of issues in the two cases, and the potential for Canal I's preclusive effect, it would be a poor use of judicial resources to proceed with the Canal II litigation at this point. Accordingly, Alliant's motion for stay pending resolution of the Canal I appeal is GRANTED.

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' request for a stay and DENIES defendants' motion for judgment on the pleadings without prejudice. [Docket # 22]

**IT IS SO ORDERED.**

Dated: June 28, 2005

S/Susan Illston
SUSAN ILLSTON
United States District Judge