IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANAL PROPERTIES, LLC, | No. C 04-3201 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| ALLIANT TAX CREDIT V, INC., et al., | |
| Defendants. | |

Defendants have filed a motion for judgment on the pleadings. The motion is scheduled for a hearing on May 18, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion.

**BACKGROUND**

In the prior case between the parties, *Canal Properties LLC v. Alliant Tax Credit V*, C 02-1871 SI ("*Canal I*"), a jury trial was held, and the jury returned a verdict in favor of Alliant on September 8, 2004. The Court entered an amended judgment in favor of Alliant on February 2, 2005. Plaintiff appealed to the Ninth Circuit Court of Appeals.

This action, "*Canal II*," was filed on August 5, 2004. On June 28, 2005, this Court stayed *Canal II* pending resolution of the appeal in *Canal I*. Defendants' then-pending motion for judgment on the pleadings in *Canal II* was denied without prejudice to renewal after decision on the appeal of *Canal I*.

On March 13, 2006, while the appeal in *Canal I* was still pending, the Court granted the motion filed by plaintiff's then counsel, Meis & Alexander, for an order permitting their withdrawal as counsel.

The order allowing withdrawal was effective on April 12, 2006, or when new counsel substituted in for Canal, whichever date was earlier. No new counsel was substituted, although the order specifically advised Mr. Andrew Wiecks, managing partner of Canal, that Canal could not appear in this Court without counsel and that, if Canal did not retain new counsel, Canal would be unable to oppose any motions.

Approximately a year later, the appeal in *Canal I* was completed and the judgment was affirmed. Hence, on March 14, 2007, this Court ordered a briefing schedule for defendants' renewed motion for judgment on the pleadings. As the docket did not reflect the appearance of new counsel for Canal in this action, Mr. Wiecks was again reminded that Canal cannot appear in this Court without counsel.

According to the March 14, 2007 order, Canal's response to the renewed motion for judgment on the pleadings was due April 13, 2007. It was not filed. Instead, on April 12, 2007, Mr. Wiecks sent a letter to the Court, received on April 16, 2007, stating that "Canal Properties LLC would like to request an extension of time to seek counsel" and requesting a 60 day extension. No explanation was offered for the one-year plus delay in seeking counsel, nor were any efforts to find counsel alluded to. By order filed April 23, 2007, the Court denied plaintiff's request, finding that plaintiff had not even attempted to make a showing of good cause for the delay. The Court did, however, adjust the briefing schedule, and instructed plaintiff to file an opposition, through counsel, by May 4, 2007.

Plaintiff did not file an opposition by May 4, 2007. Instead, on April 27, 2007, Mr. Wiecks filed a letter with the Court stating that he has had difficulty finding a lawyer. Mr. Wiecks also stated that he believes that *Canal II* cannot move forward without first resolving Canal's Rule 60(b) motion for "relief from judgment" in *Canal I*. Plaintiff filed that Rule 60(b) motion in July 2005, while the appeal was pending. By order filed August 25, 2005, the Court declined to entertain plaintiff's Rule 60(b) motion because the appeal had divested this Court of jurisdiction over *Canal I*.

**DISCUSSION**

Defendants seek judgment on the pleadings in *Canal II* on the ground that all of the claims in this case are barred by res judicata and collateral estoppel based on the judgment entered in *Canal I*. "Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit

between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, precludes relitigation of issues argued and decided in prior proceedings." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002) (internal citation and quotations omitted). "Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." *Id*. at 897.

The Court finds that *Canal II* is barred under both res judicata and collateral estoppel. Throughout the litigation of both cases, plaintiff has repeatedly acknowledged that *Canal II* is based on the same facts and conduct as *Canal I*; indeed, the complaint in *Canal II* contains the allegations from the proposed first amended complaint in *Canal I*.[1] Both cases involve the same parties, and arise out of Alliant's removal of Canal from the parties' partnership. In *Canal I*, plaintiff alleged claims for declaratory relief, specific performance, breach of contract, and injunction; in *Canal II*, plaintiff alleges claims for dissolution of partnership, accounting and injunction, rescission, breach of fiduciary duty, breach of covenant of good faith and fair dealing, fraud, and constructive trust. The Court's amended judgment in favor of Alliant in *Canal I* was affirmed on appeal, and thus is a final judgment on the merits.

Plaintiff asserts that *Canal II* cannot be resolved without first addressing plaintiff's Rule 60 motion in *Canal I*. This contention lacks merit. As an initial matter, the Court notes that there is no Rule 60(b) motion pending, as the Court declined to entertain such a motion while *Canal I* was on appeal. Even if plaintiff filed another Rule 60(b) motion in *Canal I* – which plaintiff has not done and cannot do unless and until plaintiff obtains counsel – that motion would not affect the finality of the judgment in *Canal I*. *See* Fed. R. Civ. P. 60(b). Moreover, in light of the fact that the Ninth Circuit has affirmed this Court's amended judgment in *Canal I*, the Court is highly skeptical that a Rule 60(b) motion would be either procedurally proper, or that it would have substantive merit.

Finally, the Court is compelled to address plaintiff's continuing failure to secure representation.

---

[1] On the eve of trial in *Canal I*, plaintiff sought leave to amend the complaint. The Court denied plaintiff's motion to amend on the grounds that it was untimely and would prejudice Alliant. *See* July 13, 2004 order in 02-1871 SI.

As discussed above, the Court has repeatedly informed plaintiff that it must retain counsel in order to appear in this case and to oppose any motions. This case has been pending for almost three years, and the Court will not further delay the resolution of this case. Mr. Wiecks' April 27, 2007 letter asserts that Canal has been unsuccessful in its efforts to secure representation. The Court finds it unsurprising that plaintiff has had difficulty retaining counsel because plaintiff's current claims lack merit; even if the Court granted a further continuance of proceedings in this case in order to allow plaintiff additional time to locate counsel, the Court does not believe plaintiff's efforts would be successful.

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion for judgment on the pleadings. (Docket No. 40).

**IT IS SO ORDERED.**

Dated: May 15, 2007

SUSAN ILLSTON
United States District Judge